By the Court.—McAdam, J.
Without going over the facts which have been fully stated in the opinion filed on sustaining the interlocutory judgment ente red-on the demurrer interposed by- the plaintiffs to the counterclaim of the . defendants, we have failed -to discover any abuse of authority by the court below in striking out portions of the defendants’ answer. As we said, in disposing of the other appeal, the plaintiffs were not the shippers of the goods, did not obtain the bills of lading from the carrier, but from Braun & Bloem, from whom the defendants received the goods. The plaintiffs were not the agents of the defendants, in the sense that imposed on them the duty of seeing to the manner of shipment of the goods or to the phraseology of the bills of lading or of communicating to the defendants the mode of shipment or contents of said bills of lading. .There are no facts allegéd from which any such duty may be implied. The drafts of Braun & Bloem were honored by the plaintiffs, upon receiving bills of lading for shipments actually made by Braun & Bloem. There is no allegation that the bills of lading did not truthfully represent the facts as they were. There was nothing upon the bills of lading to apprise the plaintiffs that they were improper in form or different than Braun & Bloem or the defendants intended. The plaintiffs were justified in honoring the drafts, and the defendants should make the amount paid good. The subsequent loss of the goods at sea cannot be visited upon the plaintiffs who are innocent of any misconduct. Braun & Bloem are the guilty persons, if any wrong was done to the defendants, and if they have any remedy it is seemingly against them. The defendants relied on Braun & Bloem for ' the manner of shipment, and the obtaining of proper *367 bills of lading. Braun & Bloem were selected by the defendants for their integrity and ability, and, if they were agents in the transaction, they were the representatives of the defendants, and, in contemplation of law, what they did the defendants did.
Under these circumstances, the familiar rule, that where one of two innocent persons must suffer by the wrong of a third, the loss must fall upon him who gave the credit or imposed the confidence, may be invoked. The effort by the defendants to spell out a duty and breach on the part of the plaintiffs, by the use in their answer of conclusions and inferences without support from facts, has failed to make that duty or breach clear.
The matters stricken out were irrelevant and redundant, were properly stricken out, and the order striking them out must be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.